# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

RICHARD COX, ADC #115950                                                    PETITIONER

v.                                    5:17CV00126-BSM-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction                                           RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**DISPOSITION**

**I. BACKGROUND**

Mr. Cox was convicted in the Circuit Court of Cross County of capital murder in August 1999, and sentenced to life in prison without the possibility of parole. He appealed and the Arkansas Supreme Court affirmed. *Cox v. State*, 345 Ark. 391, 47 S.W.3d 244 (2001). Thereafter, Mr. Cox did not seek post-conviction relief in state court. Now before the Court is Mr. Cox's Petition for Writ of Habeas Corpus. (Doc. No. 1.)

This is Mr. Cox's sixth habeas petition. Mr. Cox filed his first petition alleging that (1) the state court improperly denied a *Batson* challenge when the prosecution used a peremptory strike to exclude a prospective African-American juror; (2) there was insufficient evidence to convict him; (3) the trial court erred in refusing to admit the statements of a co-defendant into evidence; and (4) the trial court failed to declare a mistrial

after the prosecutor made improper comments during closing argument. His petition was denied, *Cox v. Norris*, 5:02CV00234-JWC, and the United States Court of Appeal for Eighth Circuit affirmed. *Cox v. Norris,* 05-3046 (8th Cir. April 24, 2006).

His second petition was *Cox v. Norris*, 5:07CV00204-BRW. In that case, Mr. Cox was denied authorization to file a successive habeas application (*id.*, Doc. No. 12-7) and his petition was denied as successive. (Doc. Nos. 14, 20.) The Eighth Circuit Court of Appeals denied a certificate of appealability and his appeal was dismissed. *Cox v. Norris,* 07-3776 (8th Cir. February 15, 2008).

The third case was *Cox v. Hobbs*, 5:14CV114-BSM. Mr. Cox successfully obtained permission to file a second or successive habeas petition, but the Eighth Circuit authorized Mr. Cox to pursue only one of his claims - his Eighth Amendment claim based on *Miller v. Alabama*, 132 S.Ct. 2453 (2013). *Cox v. Hobbs*, No. 13-3188 (8th Cir. Feb. 24, 2014). The Eighth Circuit order stated, "The Motion with respect to all other claims is denied." *Id.* But, because he had a pending state habeas petition, this Court denied Mr. Cox habeas relief for failure to exhaust. He did not appeal that decision.

Mr. Cox's fourth case was *Cox v. Kelley*, 5:16CV00090-JJV. In that case, Mr. Cox voluntarily dismissed his Petition saying, "Petitioner has gained acknowledgement [*sic*] from the state that he will be resentenced in accordance with the United States Supreme Court decision in *Miller v. Alabama*, 132 S.Ct. 2455 (2012) as well as the Arkansas Supreme Court decisions. . . ." (*Id.* at Doc. No. 9.)

On November 17, 2016, Mr. Cox brought his fifth petition in *Cox v. Kelley*,

5:16CV00351-JJV. I dismissed this petition for lack of jurisdiction because Mr. Cox did not first obtain permission from the Eighth Circuit to file a successive petition.

Finally, on May 1, 2017, Mr. Cox filed the instant, sixth, Petition (Doc. No. 1). As with the other successive petitions, he did not obtain permission from the Eighth Circuit to file this Petition, and for that reason, I recommend his Petition be DISMISSED without prejudice.

**II. ANALYSIS**

Under 28 U.S.C. 2244(b)(3), petitioners who have previously filed a federal habeas petition must first obtain authorization from the appropriate federal court of appeals before filing a second or successive habeas petition. *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011). Without an order from the court of appeals authorizing the filing of a successive petition, the district court lacks jurisdiction to hear the petition. *Burton v. Stewart,* 549 U.S. 147, 152-53, 157 (2007). Further, the court of appeals may authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. See 28 U.S.C. 2244(b)(2). Similarly, claims asserted in a second or successive habeas petition that were not alleged in a previously filed habeas petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would

have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

After careful review, I find the language of 28 U.S.C. § 2244(b) is binding and prior authorization to file a second or successive habeas petition is an absolute requisite to this Court's authority to consider a petition. 28 U.S.C. § 2244(b)(3); see also *Williams*, 658 F.3d 842, 853 (2011) ("A 'second or successive' habeas petition requires authorization from a federal court of appeals prior to filing."). There is nothing in the record to indicate Mr. Cox sought and received authorization from the United States Court of Appeals for the Eighth Circuit before filing this sixth Petition. He must apply for and receive permission from the Eighth Circuit before filing any habeas corpus petition that challenges his convictions or sentences. Therefore, I find this Court does not have jurisdiction over Mr. Cox's claims.

I note that, in the instant Petition, Mr. Cox raises issues related to the then mandatory nature of his sentence to life without parole pursuant to Arkansas Code Annotated § 5-4-104 (b) (Repl. 1997). The United States Supreme Court invalidated mandatory sentences of life without parole for persons who were juveniles at the time of the offense in *Miller v. Alabama*, 567 U.S. 460 (2012). The Court made the holding in *Miller* retroactive to all cases subject to collateral review in *Montgomery v. Louisiana*, __ U.S.__, 136 S.Ct. 718 (2016). As noted above, the Eighth Circuit previously granted Mr. Cox permission to pursue this claim and he previously reported he was going to be resentenced pursuant to *Miller*. But Mr. Cox now reports that his state proceedings have been held in abeyance and he believes only through filing a federal habeas petition will he be able to obtain any

5

relief. (Doc. 1 at 4.) Nevertheless, the instant Petition is successive and must be dismissed. If Mr. Cox wishes to pursue relief, he must first seek permission from the Eighth Circuit to file a successive petition. At present, this Court simply does not have jurisdiction over Mr. Cox's claims. The dismissal should be without prejudice so Mr. Cox may refile his Petition should the Eighth Circuit again grant him permission to proceed.

## III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. Mr. Cox's § 2254 Petition (Doc. No. 1) be DISMISSED WITHOUT PREJUDICE and the requested relief be DENIED.

2. No certificate of appealability shall issue.[1]

DATED this 5th day of May, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In cases where the Petition is clearly successive, no certificate of appealability shall be issued.